## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:24-CV-14242-CANNON/AUGUSTIN-BIRCH

JENNIFER ANNE FOSTER,

      Plaintiff,

v.

ACTING COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.

                               /

### REPORT AND RECOMMENDATION ON SOCIAL SECURITY APPEAL

The Honorable Aileen M. Cannon, United States District Judge, referred this case to the undersigned United States Magistrate Judge for appropriate disposition. DE 11. The case now comes before the Court on Plaintiff Jennifer Anne Foster's appeal of an Administrative Law Judge's ("ALJ") decision dated March 11, 2024, that Plaintiff is not disabled. The appeal is fully briefed at docket entries 15, 18, and 19. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the ALJ's decision be **REVERSED** and that this matter be **REMANDED** for further proceedings consistent with this Report and Recommendation.

### I.      Procedural Background

Plaintiff applied for disability insurance benefits and supplemental security income in April 2021, alleging disability as of January 1, 2018. DE 14 at 251–55.[1] The Social Security Administration denied the applications in December 2021, and affirmed that decision on

---

[1] The citations to the administrative record cite the page numbers assigned by CM/ECF, not the internal pagination in the administrative record.

reconsideration in March 2023. *Id.* at 130–48, 156–66. An ALJ held a hearing on Plaintiff's applications in September 2023, and, on March 11, 2024, issued a written decision concluding that Plaintiff was not disabled. *Id.* at 23–34, 42–85. Plaintiff then requested review before the Appeals Council, and the Appeals Council denied the request in May 2024. *Id.* at 7–9. This appeal followed.

## II.     The ALJ's Analysis and Decision

The Social Security Act authorizes the Social Security Administration to pay disability insurance benefits or supplemental security income to an individual who has a disability. *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003). The Social Security Act defines "disability," in part, as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

An ALJ follows a five-step sequential analysis to determine whether a claimant of benefits has a disability. 20 C.F.R. § 404.1520(a). If the ALJ determines that the claimant is disabled or not disabled at any step, the analysis ends and the ALJ does not proceed to the next step. *Id.* § 404.1520(a)(4). On the other hand, if the ALJ cannot determine that the claimant is disabled or not disabled at a step, the ALJ proceeds to the next step. *Id.* The claimant bears the burden of

proving disability and is responsible for producing evidence to support disability. *Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003).

### A.  Step One

As the first step of the five-step analysis, the ALJ considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i).  A claimant who is working "doing substantial gainful activity" will be found to not be disabled, regardless of the claimant's medical condition, age, education, and work experience. *Id.* § 404.1520(a)(4)(i), (b).  Work activity is substantial when it "involves doing significant physical or mental activities" and is gainful when it "is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(a), (b).  In this case, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of January 1, 2018.  DE 14 at 25.

### B.  Step Two

As the second step of the analysis, the ALJ considers the medical severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant who does not have a severe medically determinable physical or mental impairment or combination of impairments that meets a durational requirement will be found to not be disabled, regardless of the claimant's age, education, and work experience. *Id.* § 404.1520(a)(4)(ii), (c).  An impairment is medically determinable if it results "from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques" and is "established by objective medical evidence from an acceptable medical source." *Id.* § 404.1521.  An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 404.1520(c).  Unless the impairment is expected to result in death, the durational requirement

is that the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." *Id.* § 404.1509.

Here, the ALJ determined that Plaintiff had the severe medically determinable impairments of anxiety disorder, depressive disorder, schizoaffective disorder, bipolar disorder, personality disorder, and gender dysphoria. DE 14 at 25. The ALJ addressed Plaintiff's condition of irritable bowel syndrome ("IBS") with weight loss, concluding that the condition was medically determinable but not severe: "The claimant's medically determinable physical impairments of irritable bowel syndrome . . . with weight loss, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic work activities and are therefore nonsevere." *Id.* at 26. The ALJ explained that Plaintiff had a body mass index ("BMI") of 25.81 in March 2019, had a BMI of 15.6 in July 2020 when Plaintiff sought emergency treatment for weight loss, had a BMI of 16 in October 2020, and had a BMI of 22 in February 2022.[2] *Id.* The ALJ found that "[t]he objective medical evidence indicates that the symptoms of the claimant's irritable bowel syndrome with weight loss are effectively managed by [Plaintiff's] treating medical providers" and "[t]his condition is nonsevere." *Id.*

**C. Step Three**

As the third step of the analysis, the ALJ determines whether the claimant's impairment meets or equals an impairment in the Listing of Impairments. 20 C.F.R. § 404.1520(a)(4)(iii); *see* 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing impairments). The Listing of Impairments "describes for each of the major body systems impairments that [are considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). A claimant who has such an impairment

---

[2] "BMI is the ratio of your weight to the square of your height." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.00(F)(2).

that meets the above-referenced durational requirement will be found to be disabled. *Id.* § 404.1520(a)(4)(iii), (d).

At this step, the ALJ must consider all of the claimant's impairments, not just those found to be severe and medically determinable under the second step of the analysis. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ("At step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether severe or not, that qualify as a disability.  The ALJ must consider the applicant's medical condition taken as a whole."); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 952 (11th Cir. 2014) ("While the ALJ did not need to determine whether every alleged impairment was 'severe', he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation."); *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) ("Once a case advances beyond step two, the ALJ must consider all impairments, severe or not, at step three and in assessing the [residual functional capacity].").

In this case, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled an impairment in the Listing of Impairments.  DE 14 at 26. With respect to Plaintiff's IBS with weight loss, the ALJ stated that the condition did "not meet Listing 5.08, which governs weight loss due to any digestive disorder" because Plaintiff's "BMI increased; and the record does not support finding that [Plaintiff's] BMI was below 17.5 for 12 months." *Id.*

**D.  Step Four**

As the fourth step of the analysis, the ALJ assesses the claimant's residual functional capacity and past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  Residual functional capacity is the most that the claimant can still do despite his limitations and is assessed by considering the

claimant's ability to meet the physical, mental, sensory, and other requirements of work. *Id.* § 404.1545(a)(1), (4). Residual functional capacity is determined based on all of the relevant medical and other evidence in the record. *Id.* § 404.1545(a)(1), (3). Past relevant work is the work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it. *Id.* § 404.1560(b)(1). A claimant who still can do his past relevant work will be found to not be disabled. *Id.* § 404.1520(a)(4)(iv), (f).

Here, the ALJ concluded that Plaintiff had the residual functional capacity to perform sedentary work. DE 14 at 27. The ALJ found that Plaintiff was not able to work with a specific production rate such as on an assembly line or with hourly quotas, but Plaintiff was able to understand and remember simple and detailed but not complex tasks, have occasional interaction with the general public and coworkers, have frequent interaction with supervisors, perform simple detailed tasks, and deal with occasional gradual changes in routine work settings. *Id.* at 27–28. The ALJ determined that Plaintiff was unable to perform the past relevant work of fast-food worker, conveyor belt package sorter, animal caretaker, and deli counter worker. *Id.* at 32.

### E. Step Five

As the fifth and final step of the analysis, the ALJ considers the claimant's residual functional capacity, age, education, and work experience to assess whether the claimant can make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v). "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [the claimant is] able to meet with [his] physical or mental abilities and vocational qualifications." *Id.* § 416.966(b). A claimant who can adjust to other work will be found to not be disabled, whereas a claimant who cannot adjust to other work will be found to be disabled. *Id.* § 404.1520(a)(4)(v), (g)(1).

Here, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs existing in significant numbers in the national economy that Plaintiff could perform.  DE 14 at 32–33.  The ALJ credited the testimony of a vocational expert that Plaintiff could perform jobs such as ink printer, patcher, and dial marker. *Id.* at 33.  Thus, the ALJ ruled that Plaintiff was not disabled from January 1, 2018, through the date of the written decision.  *Id.*

### III.    Standards of Review

A court reviews an ALJ's decision in a disability case to determine whether "it is supported by substantial evidence and based on proper legal standards."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks omitted).  Substantial evidence "is more than a scintilla, but less than a preponderance" and "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotation marks omitted); *see also Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (explaining that substantial evidence exists if "on this record it would have been possible for a reasonable jury to reach the [ALJ's] conclusion" (quotation marks omitted)).  The court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ.  *Miles*, 84 F.3d at 1400.

The court reviews *de novo* whether the ALJ's decision is based on a proper view of the law.  *Washington*, 906 F.3d at 1358.  There is no presumption that the ALJ followed the appropriate legal standards or that the legal conclusions reached are valid.  *Miles*, 84 F.3d at 1400.  The ALJ's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (quotation marks omitted).

### IV.    Analysis

Plaintiff's first argument on appeal is that the ALJ erred at the third step of the analysis in applying Listing 5.08 of the Listing of Impairments.  Listing 5.08 reads: "Weight loss due to any digestive disorder, despite adherence to prescribed medical treatment, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 12-month period." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.08 (citation omitted).  As the ALJ explained, Plaintiff was found to have a BMI of less than 17.5 on two evaluations at least 60 days apart within a consecutive 12-month period.  DE 14 at 26.  Specifically, on July 29, 2020, Plaintiff was transported to an emergency department via emergency medical services with a chief complaint of weight loss and was found to weigh 91 pounds, equating to a BMI of 15.6 based on Plaintiff's height.  *Id.* at 26, 682–85.  On October 1, 2020 (64 days later), Plaintiff was seen in an emergency department and was found to weigh 93 pounds, equating to a BMI of 16 based on Plaintiff's height.  *Id.* at 26, 671– 72.

The ALJ determined that Plaintiff did not meet Listing 5.08, though, because "claimant's BMI increased; and the record does not support finding that [Plaintiff's] BMI was below 17.5 for 12 months."  *Id.* at 26.  The ALJ explained that Plaintiff's BMI was recorded as being 22.3 on February 21, 2022.  *Id.* at 26, 948.  But, contrary to what the ALJ said, Listing 5.08 does not require that a BMI be "below 17.5 for 12 months."  Listing 5.08 requires that a BMI be below 17.5 "calculated on at least two evaluations at least 60 days apart within a consecutive 12-month period."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 5.08.  Based on Plaintiff's July 29 and October 1, 2020 evaluations, Plaintiff met this requirement.

It is true that, to be found disabled under step three, a claimant must have had an impairment in the Listing of Impairments "for a continuous period of at least 12 months."

20 C.F.R. §§ 404.1509, 404.1520(a)(4)(iii).  But the impairment in Listing 5.08 is "[w]eight loss due to any digestive disorder," and the ALJ made no finding that Plaintiff was not experiencing weight loss due to a digestive disorder for at least 12 months.  Logically, for some period of time *before* July 29, 2020, Plaintiff was experiencing weight loss, as Plaintiff previously had been recorded as having a higher weight and BMI.  *See* DE 14 at 824–25 (progress notes from a March 26, 2019 appointment recording Plaintiff's weight and BMI as 143 pounds and 25.81, respectively).

The ALJ's reason for finding that Plaintiff did not meet Listing 5.08—that Plaintiff's "BMI increased; and the record does not support finding that [Plaintiff's] BMI was below 17.5 for 12 months"—is an error.  The ALJ did not identify any other reason for finding that Plaintiff did not meet Listing 5.08.  And the Supreme Court and the Eleventh Circuit have warned against affirming an agency decision on a basis not provided by the agency itself.  *E.g., D.H.S. v. Regents of Univ. of Cal.*, 591 U.S. 1, 20 (2020) ("It is a foundational principle of administrative law that judicial review of agency action is limited to the grounds that the agency invoked when it took the action." (quotation marks omitted)); *Fed. Power Comm'n v. Texaco Inc.*, 417 U.S. 380, 397 (1974) (explaining that "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself" (quotation marks omitted)); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency.  If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."); *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) ("We decline, however, to affirm simply because some rationale might have supported the ALJ's conclusion.  Such an approach

would not advance the ends of reasoned decision making." (footnote omitted)); *Nance v. Soc. Sec. Admin.*, 781 F. App'x 912, 921 (11th Cir. 2019) ("Agency actions, however, must be upheld on the same bases articulated in the agency's order."); *Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) ("However, the ALJ did not offer this explanation in his decision.  We cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion." (quotation marks omitted)).  The Court recommends that the ALJ's decision be reversed and that this matter be remanded for the ALJ to re-evaluate whether Plaintiff met Listing 5.08 and to conduct any further analysis in light of that re-evaluation.

## V.      Recommendation

Based on the foregoing analysis, the Court recommends that the ALJ's decision dated March 11, 2024, be **REVERSED** and that this matter be **REMANDED** for further proceedings consistent with this Report and Recommendation.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 16th day of June, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE